FRANK BIANCHI, Respondent, v. JOHN F. KLEIN, Appellant.

Judgment affirmed, with costs. No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Sherman, JJ.; Merrell, J., dissents.

MERRELL, J. (dissenting). The judgment from which defendant appeals is based upon a third verdict in plaintiff's favor, and is about to be affirmed for the sole reason that, under the policy adopted by this court, a third verdict for a plaintiff in a negligence action upon the same and conflicting evidence will be affirmed. I dissent from the application of such rule in the case at bar upon the ground that the evidence upon the last trial was *not* the same as that upon the former trials. Upon the question of his contributory negligence, and evidently to overcome the criticisms of this court upon the reversals of the two prior judgments in his favor, the plaintiff at the last trial, here under review, gave testimony entirely inconsistent and contradictory to that given by him upon either of the prior trials of the action. Plaintiff claims to have suffered personal injuries on September 23, 1925, at about seven-thirty P. M., through being struck by defendant's car, while crossing First avenue at Sixty-second street in the borough of Manhattan, New York city. There have been four trials of the action. At the first trial plaintiff recovered a verdict for $3,000. On appeal this court reversed and granted a new trial on the ground that the plaintiff had not established his freedom from contributory negligence (*Bianchi* v. *Klein*, 225 App. Div. 662). Upon the second trial the plaintiff recovered a verdict of $3,500, which, upon appeal to this court, was set aside as against the weight of the evidence and a new trial ordered (*Bianchi* v. *Klein*, 227 App. Div. 711). The third trial resulted in a disagreement of the jury. Upon the prior trials the plaintiff testified that just before starting across the avenue he looked uptown and downtown, *but did not see any car in either direction;* that after taking a few steps into the street he again looked uptown and downtown, *but saw no car;* that he then proceeded two or three steps and was struck and knocked down. In view of the conflicting testimony by other witnesses

that the defendant's car was approaching the crossing in plain view and of the fact that plaintiff was struck, it became quite apparent that plaintiff was, in fact, giving no heed for his safety, and that his testimony that he looked and saw no car approaching was unbelievable. At the fourth trial, here under review, the plaintiff testified to an entirely different state of facts. Notwithstanding his testimony on the former trials, he now goes upon the witness stand and testifies that just before crossing the avenue he looked towards uptown *and saw a car about a block and a half or more away;* that he took four or five steps and again looked uptown *and saw a car about three-quarters of a block away;* that he then took two or three more steps and was on the downtown car track when he was struck by the car. I think such testimony, wholly inconsistent with his testimony upon the former trials, stamps the plaintiff's story as unworthy of belief, and that the plaintiff has failed to show his freedom from contributory negligence. For that reason, I dissent from affirmance of the judgment appealed from, and, as the plaintiff has already been given four chances to establish his cause of action by believable evidence and has failed, I think the complaint should be dismissed, with costs to the defendant, appellant.